UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ELBA VEGA,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, and THE NEW YORK
CITY DEPARTMENT OF PROBATION,

                       Defendants.

---------------------------------------------------------------------- x

**ANSWER**

07–Civ.-9828 (BSJ)(GWG)

      Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the complaint ("Complaint"), respectfully allege as follows:

      1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

      2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

      3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to set forth the basis of jurisdiction.

      4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to set forth the basis of supplemental jurisdiction.

      5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admit that EEOC Charge

No. 520-2006-03067 was filed on plaintiff's behalf and respectfully refer the Court to that Charge for a complete and accurate statement of its contents.

6. Paragraph "6" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that the City of New York ("City") is a municipal corporation, duly organized and existing under the Constitution and laws of the State of New York, and that more than 2,000 individuals are employed by the City.

7. Paragraph "7" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that the New York City Department of Probation ("DOP") is an agency of the City.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to set forth the basis of venue.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City is a municipal corporation, duly organized and existing under the Constitution and laws of the State of New York.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the DOP is an agency of the City.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff is an adult female.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff commenced employment with the City in July, 1986, when she was appointed to the provisional title of Probation Officer at the DOP.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that in March, 2006 plaintiff was reassigned from one unit to another within the DOP.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" as if fully set forth here.

27. Paragraph "27" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that plaintiff is a female individual and

respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except deny knowledge or information sufficient to form a belief as to what plaintiff believes.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" as if fully set forth here.

33. Paragraph "33" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that plaintiff is a female individual and respectfully refer the Court to the cited "New York State Law" for a complete and accurate statement of their contents.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "35" as if fully set forth here.

37. Paragraph "37" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that plaintiff is a female individual and

respectfully refer the Court to the cited "New York City Human Rights Law" for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

### AS AND FOR A FIRST DEFENSE:

41. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

42. The Court lacks subject matter jurisdiction, in whole or in part, over the Complaint.

### AS AND FOR A THIRD DEFENSE:

43. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

### AS AND FOR A FOURTH DEFENSE:

44. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE:

45. An agency of the City of New York is not a suable entity and, thus, the DOP must be dismissed from this case.

### AS AND FOR A SIXTH DEFENSE:

46. Any damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages. Any damages sustained by plaintiff were caused by plaintiff's own negligent or culpable conduct.

### AS AND FOR A SEVENTH DEFENSE:

47. Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior based on plaintiff's protected status or protected activity.

### AS AND FOR A EIGHTH DEFENSE:

48. To the extent plaintiff asserts that defendant(s) are plaintiff's employer(s), defendants did not have knowledge of the alleged actions or inactions by individual employees in the DOP, nor was it reasonable for defendants to have had such knowledge.

### AS AND FOR A NINTH DEFENSE:

49. Defendants could not have exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.

### AS AND FOR A TENTH DEFENSE:

50. To the extent plaintiff asserts that defendant(s) are plaintiff's employer(s), plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by defendants to their employees or to otherwise avoid harm.

### AS AND FOR A ELEVENTH DEFENSE:

51. Defendants are not liable under cases such as Faragher v. Boca Raton, 524 U.S. 775 (1998), and Burlington Industries v. Ellerth, 524 U.S. 742 (1998).

**WHEREFORE,** defendants respectfully request judgment dismissing the Complaint and denying all relief requested therein, entering judgment for defendants, and granting defendants costs, fees, and disbursements together with such other and further relief as

- 7 -

the Court deems just and proper.

Dated:      New York, New York
            February 12, 2008

                                      **MICHAEL A. CARDOZO**
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for Defendants
                                      100 Church Street, Room 2-124
                                      New York, New York 10007-2601
                                      (212) 788-0860
                                      RAnderso@law.nyc.gov


By:  _____
                                      Robert J. Anderson
                                      Assistant Corporation Counsel


To:  **LEE NUWESRA**
      Attorney for Plaintiff
      60 East 42nd Street, Suite 838
      New York, New York 10017
      (212) 682-0655

## CERTIFICATE OF SERVICE

I, **ROBERT J. ANDERSON**, hereby certify that, on February 12, 2008, I caused a true and correct copy of the foregoing **ANSWER** to the Complaint to be served upon plaintiff's counsel, by ECF and in a prepaid postage envelope first-class mail, addressed to

> **LEE NUWESRA**
> 60 East 42nd Street, Suite 838
> New York, New York 10017,

that being the address that plaintiff's counsel designated for receipt of such material.

Dated:  New York, New York
        February 12, 2008

_____
**ROBERT J. ANDERSON**

07-Civ.-9828 (BSJ)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELBA VEGA,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                  Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-124
New York, New York 10007-2601
RAnderso@law.nyc.gov

Of Counsel:  Robert J. Anderson
Tel No.:      (212) 788-0860

Case No.: 2007-040540

*Due and timely service is hereby admitted.*

Dated: New York, N.Y. ......................, 2008

Attorney for ...............................

Signed: ...............................